**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ERIC E. SUBER,

        Petitioner,

v.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,

        Respondent.

Case No. 2:17-cv-863
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On May 3, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 18.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 19.)

Petitioner challenges his conviction after a jury trial in the Licking County Court of Common Pleas on one count of aggravated trafficking in methamphetamine. He asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise a claim on appeal challenging his conviction as obtained in violation of the Fourth Amendment due to the use of a monitoring device by the confidential informant, and failed to raise a claim that he was denied the effective assistance of trial counsel when his attorney stipulated to the contents of a laboratory report. The Magistrate Judge recommended dismissal of these claims on the merits. Petitioner again raises all of the arguments he previously presented.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's arguments are not well-taken. His claims plainly lack merit. The record fails to reflect either that Petitioner

had any potentially meritorious claim under the Fourth Amendment, or under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, Petitioner's *Objection* (ECF No. 19) is **OVERRULED**. The *Report and Recommendation* (ECF No. 18) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

**DATED: July 12, 2018**